IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARIN ROBERT WARD, | : | |
| Plaintiff | : | |
| VS. | : | NO. 5:07-CV-233 (CAR) |
| OFFICE OF THE DISTRICT ATTORNEY, | : | |
| Defendant | : | **ORDER** |

Plaintiff **DARIN ROBERT WARD**, a pretrial detainee at the Upson County Jail in Thomaston, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. IN FORMA PAUPERIS APPLICATION*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right,

privilege or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id***.

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff names the Office of the District Attorney as the only defendant in this action. Apparently a bench warrant was issued for plaintiff when he failed to appear in Upson County Superior Court on March 30, 2007. Plaintiff maintains he did not show up for court as scheduled because his appointed attorney was abusing cocaine and he "put a petition on [the] attorney for drugs." Plaintiff states that the district attorney knew of this "petition." Plaintiff seems to alleges that the district attorney "lied" at the bench warrant hearing.

Plaintiff want his "freedom back" and damages.

To any extent that plaintiff is seeking release from jail, such relief is not available in a 42 U.S.C. § 1983 action. ***See Preiser v. Rodriquez***, 411 U.S. 475 (1972).

Additionally, the "Office of the District Attorney" is not a legal entity and, therefore, cannot be sued as such under 42 U.S.C. § 1983. It should be noted that even if plaintiff had named the individual district attorney who appeared at the bench warrant hearing, his action would still be subject to dismissal. Prosecutors have "absolute immunity for all actions . . . [taken] while performing [their] function as an advocate for the government." ***Buckley v. Fitzsimmons***, 509 U.S. 259 (1993). This includes immunity when involved in the initiation and pursuit of criminal prosecutions. This immunity "extends to actions taken in connection with a bail application which are best understood as components of the initiation and presentation of a prosecution." ***Jones v. Clark***, No. 2:05-CV-5-F, 205 WL 1126778 (M.D. Ala. May 4, 2005)(citing ***Pinaud v. County of Suffolk***, 52 F.3d 1139, 1149 (2nd Cir. 1995); *see also **Imbler v. Pachtman***, 424

U.S. 409 (1976). Moreover, this immunity would extend to actions taken by a prosecutor during hearings in which the subject is whether a bench warrant should be lifted–this is just another part of the criminal process. **See Fullman v. Graddick**, 739 F.2d 553, 558 (11th Cir. 1984)(holding that there is "absolute prosecutorial immunity from civil damages suits under § 1983 for actions 'intimately associated with the judicial phase of the criminal process'.")(quoting **Imbler v. Pachtman**, 424 U.S. 409, 430 (1976).

## IV.  CONCLUSION

For the reason explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 25th day of June, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb